Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 19, 2013, which denied plaintiffs motion for summary judgment on its cause of action for breach of contract, and granted defendants’ motion for summary judgment dismissing the complaint as against defendant Hoche Partners Capital LLC and so much of the motion as sought to dismiss the causes of action for breach of contract, tortious interference with contract with the licensed Chinese immigration companies (LCICs) other than Henry Global Consulting Group, tortious interference with prospective business advantage, breach of confidence, trade defamation, and unjust enrichment as against the remaining defendants, unanimously affirmed, with costs.
The causes of action relating to plaintiffs claims that it was due commissions for certain referrals it made to defendant New York City Regional Center, LLC (NYCRC) should be dismissed because, under the parties’ agreement, plaintiff was to be compensated for referrals of potential investors, not representatives of potential investors, namely, the LCICs. Plaintiff was not due a commission for the referral of the individual investors, since they were referred to NYCRC not by plaintiff but by the LCICs accepted by NYCRC.
Plaintiffs related claims, including the claim that defendants *489 tortiously interfered with contracts between plaintiff and three of the LCICs, should be dismissed because the record demonstrates that plaintiff did not have enforceable agreements with those LCICs. The record shows that defendants’ alleged interference with plaintiffs prospective business advantage was neither wrongful nor motivated solely by malice, as opposed to normal economic interest (see Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]). In opposition to defendants’ motion, plaintiff failed to raise triable issues as to its unjust enrichment claim and its claims against Hoche.
Concur — Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Gische, JJ.